Eastern District.
*December*, 1829.

ROUSSEAU
*vs.*
HIS CREDITORS.

Notes given to relieve a party, who mortgages slaves for the indemnification of the payee, need not be marked *ne varietur* by a notary.

### *ROUSSEAU vs. HIS CREDITORS.*

APPEAL from the court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. Conlin, an opposing creditor, is appellant, from a judgment, by which the parish court disregarded his claim as a mortgage creditor of the insolvent's mother, on eleven slaves, by her mortgaged to the insolvent.

The opposing creditor's counsel contended, that although the insolvent's mortgage was anterior to his, the opposing creditor, it formed no obstacle to his claim, because,

1. Certain notes, therein referred to, were without any memorandum made thereon by the notary, as required by law. *Moreau's Digest*, 70. *sect.* 4.

2. Because the sum, for which a mortgage was given to the insolvent, is not certain and determined, as required by the statute: the rate of interest to be paid, is not stated—no day of payment (*id.* 73, *sect.* 9.) agreed on.

1. The insolvent, being desirous of relieving his mother from pecuniary difficulty, gave her his own note for eleven thousand

dollars, and she mortgaged the slaves in question for his security. After his failure, his syndics obtained judgment against her and had the slaves sold.

Now it appears to us, that the note, thus given by the insolvent to his mother, was not one of those which the statute contemplates. *sect.* 4. These are notes, the payment of which is secured by a mortgage given by the maker. Here the maker was not the mortgagor, but the mortgagee.

2. The ninth section, invoked by the appellant, requires, that the sum, for which a mortgage is given, be certain and explicit. It is for the sum of $11,000, with interest, the rate not being stated: legal interest must have been intended.

It does not appear to us, that the parish court erred, in disregarding the appellant's opposition.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.

*De Armas* for the plaintiff, *Derbigny* for the defendants.